James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner

**07 CIV 9575**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

of

JULES ABADI, as owner of vessel M/V PLAYPEN for Exoneration from or Limitation of Liability,

Petitioner.

CV

**VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

*[Stamp: OCT 26 2007 U.S.D.C. S.D.N.Y. CASHIERS]*

JULES ABADI (hereinafter "Petitioner"), by his attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, for his Verified Complaint seeking Exoneration from or Limitation of Liability, alleges upon information and belief, as follows:

1.  This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

2.  Petitioner, JULES ABADI is the owner of the M/V PLAYPEN, 28-foot 2006 Formula vessel (hereinafter referred to as the "Vessel").

3.  On or about October 3, 2006, the Vessel was traveling on the navigable waters of Miami-Dade County, State of Florida when SUSAN GARVEY, a passenger on the Vessel, claims

1

to have sustained injury.

4. The alleged injury to SUSAN GARVEY was not due to any fault, neglect, or want of care on the part of Petitioner, or the Vessel, and occurred without Petitioner's privity or knowledge.

5. On or about May 18, 2007, a suit was filed by SUSAN GARVEY against Petitioner, in Supreme Court of the State of New York, County of New York, Index No. 106756/07 for personal injury.

6. Plaintiff's claim or claims may exceed Petitioner's interest in the Vessel.

7. The Vessel was valued at $95,000 (**EXHIBIT A**, report of Wager & Associates, Inc. dated August 17, 2007)

8. Pursuant to Supplementary Rules F of the Federal Rules of Civil Procedure, Petitioner offers an *Ad Interim* Security in the amount of $95,000, said amount being not less than the value of Petitioner's interest in the Vessel at the time of the accident and there being no pending freight. (**EXHIBIT B**, *Ad Interim* Security).

9. Venue in this district is proper as Plaintiff's law suit was brought within the district.

10. Petitioner is entitled to Exoneration from Liability for any claims arising from the accident and from any and all claims that have been or may hereafter be made, and Petitioner alleges that he has valid defenses thereto on the facts and law.

11. Petitioner claims, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. § 30501 *et seq*. and the various statutes supplementary thereto and amendatory thereof.

12. Petitioner has provided security herewith in the form of an *Ad Interim* Security sufficient to cover their interest in the Vessel with surety for payment into Court, whenever the same

shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioners pray:

(1) That this Court adjudge that Petitioner is not liable for any loss, injury, or damages arising out of the incident; or,

(2) If Petitioner is adjudged liable, that such liability be limited to the value of Petitioner's interest in the Vessel in the maximum amount of $95,000, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(3) That this Court issue an Order to include the following:

(a) Directing the issuance of Notice to all persons asserting claims with respect to the accident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be named in the Notice.

(b) Directing Petitioner to file an *Ad Interim* Security as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the Vessel as of the date of the accident, $95,000, with interest at the rate of 6% per

annum from the date of said security or whenever the Court shall so order.

(c) Directing that upon Petitioner filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, his representatives, insurers, and the Vessel, of any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(4) That Petitioner may have such other and further relief as the justice of the cause may require.

Dated: October 23, 2007

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioner

By: _____
James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
292 Madison Avenue, 11th Floor
New York, New York 10017
Ph: 212 953-2381
Fax: 212 953-2462

## VERIFICATION PURSUANT 28 U.S.C. § 1746

The undersigned Petitioner has read the foregoing Complaint for Exoneration from or Limitation of Liability and knows the contents thereof; that the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true.

The grounds for my belief as to all matters not stated to be upon my own knowledge, are materials contained in the file.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on October 25, 2007

_____
Jules Abadi

## AFFIDAVIT OF VALUE

STATE OF FLORIDA      )
                      ) SS
COUNTY OF ESCAMBIA    )

BEFORE ME, the undersigned authority, personally appeared DOUG WAGER, who having been duly sworn and deposed states:

1. My name is Doug Wager and I am the Founder and President of the yacht surveying and adjusting firm of Wager & Associates, Inc. and at all times material hereto have been a licensed adjuster in the State of Florida (Type 5-20 All Lines) and an Accredited Marine Surveyor and Member of the Society of Accredited Marine Surveyors.

2. At all times material hereto, I inspected the M/V "THE PLAYPEN," a 2006 28' Formula fiberglass runabout powered by twin Mercruiser 320 Horsepower gasoline engines fitted with Bravo Three outdrive units. The vessel's Florida State registration number is FL-8877-NG. The vessel was inspected on August 9, 2007, at the Miami Beach Marina, Miami-Dade County, Florida, and, as such, have personal knowledge of the matters set forth herein.

3. The vessel is 28' in length, has a beam of 9'2" and a draft of 3', and a displacement of approximately 8,200 pounds.

4. The M/V "THE PLAYPEN" is designed as a recreational vessel for use on inland and coastal waterways.

5. The M/V "THE PLAYPEN" as found on August 9, 2007 has been maintained in excellent condition.

6. In addition to my survey inspection of the vessel, an extensive search was conducted for the advertised and sale prices of similar vessels. Based on all of the foregoing and on my knowledge, background and experience as an Accredited Marine Surveyor, I am of the opinion that the M/V "THE PLAYPEN" had a maximum market value in August 2007 of $95,000.

FURTHER AFFIANT SAYETH NOT.

By: _____

DOUG WAGER, President

Wager & Associates, Inc.

STATE OF FLORIDA   )
                   ) SS
COUNTY OF ESCAMBIA )

The foregoing instrument was acknowledged before me on this 17 day of August, 2007 in Escambia County, Pensacola, Florida, by DOUG WAGER, President of Wager & Associates, who is personally known to me or who provided _____ as identification and who did take an oath and says that the foregoing are true and correct to the best of his knowledge and belief.



KRISTINE L. EDGAR
MY COMMISSION # DD 246111
EXPIRES: September 29, 2007

_____
NOTARY PUBLIC
Print Name: KRISTINE L. EDGAR

My Commission expires: 9-29-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK            CV

IN THE MATTER OF THE COMPLAINT

          of

JULES ABADI, as owner of vessel M/V
PLAYPEN for Exoneration from or Limitation of
Liability,

          Petitioner.

**AD INTERIM STIPULATION FOR VALUE**

**WHEREAS,** Petitioner, JULES ABADI, as owner of vessel M/V PLAYPEN, a 28-foot 2006 Formula vessel (the "Vessel") is instituting a proceeding in this Court for Exoneration from or Limitation of Liability in respect to the claim for property damage asserted or to be asserted in connection with a boating accident which is alleged to have occurred on October 3, 2006, and;

**WHEREAS,** the Petitioner's Vessel was in navigation on the navigable waters of the United States in Miami-Dade County, State of Florida, when it is alleged that incident occurred causing personal injury to SUSAN GARVEY as more fully set forth in the Verified Complaint filed herein, and

**WHEREAS,** Petitioner wishes to provide this *Ad Interim* Stipulation for Value in the amount of the value of the Vessel as security for any and all claims arising from the incident.

**WHEREAS,** the value of Petitioner's interest in the Vessel described above has been fixed at $95,000 as appears in **Exhibit A** to the Verified Complaint filed herein;

NOW, THEREFORE, in consideration of the premises, Great Lakes Reinsurance (UK) PLC marine insurer of the Vessel, having an office and place of business at Plantation House, 30 Fenchurch Street, London , EC3M 3AJ, United Kingdom ,hereby undertakes in the sum of $95,000.00 with interest thereon at the rate of 6% per annum from the date hereof. If this security is contested by motion, then within thirty (30) days after entry of an Order confirming the report of an independent marine surveyor appointed by the Court to appraise the value of the Vessel, Great Lakes Reinsurance (UK) PLC will file in this proceeding a *revised Ad Interim* Stipulation for Value conforming to such appraised value up to the protection & indemnity insurance limits of liability in its insurance policy and in the interim, this *Ad Interim* Stipulation for Value shall stand as security for all Claims filed in said limitation proceeding;

FURTHERMORE, solely for the limited purposes of any suit based upon this *Ad Interim* Stipulation for Value, Great Lakes Reinsurance (UK) PLC hereby submits itself to the jurisdiction of this Court and designates, RUBIN, FIORELLA & FRIEDMAN LLP its agents for service of process, and Great Lakes Reinsurance (UK) PLC agrees to pay the amount awarded by the final decree rendered by this Court, or an Appellate Court if an appeal intervenes, up to the principal amount of this security, with interest as aforesaid, unless the post-casualty value of the Vessel shall have been paid into Court or a bond or *revised Ad Interim* Stipulation for Value thereof shall have been given as aforesaid, in which event this Stipulation for Value shall be void.

FURTHERMORE, it is understood and agreed that the execution of this *Ad Interim* Stipulation for Value by the undersigned shall be binding only on Great Lakes Reinsurance (UK) PLC as aforesaid.

Dated: 16 October , 2007

                GREAT LAKES REINSURANCE (UK) PLC

                By: Alexander Mark Thomas

                Its Authorised Agent

                _____/s/ Mark Thomas_____

AT ILKLEY IN THE COUNTY OF WEST YORKSHIRE )

                                                          ):

            UNITED KINGDOM          )

On this 16th day of October 2007, before me personally came Alexander Mark Thomas, being by me duly sworn, did depose and say that he is a Director , with T L Dallas(Special Risks)Limited and that he executed the foregoing *Ad Interim* Stipulation for Value, and that he executed same pursuant to official powers and duties given to him by Great Lakes Reinsurance(UK)PLC.

Sworn to before me this 16th
_____ day of October 2007

_____/s/_____
A Solicitor

        James Bloomer
        Solicitors
        20 The Grove
        Ilkley LS29 9EG