UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT

        Of

**HON. JUDGE JOHN F. KEENAN**

**NOTICE OF MOTION
TO DISMISS
PURSUANT TO
FED. R. CIV. P. 12
OR FOR
SUMMARY JUDGMENT
PURSUANT TO
<u>FED. R. CIV. P. 56</u>**

JULES ABADI, as owned of vessel M/V
PLAYPEN for Exoneration from or Limitation of
Liability,

**07 Civ. 9575**

        Petitioner.
-------------------------------------------------------------------X

TO:    Rubin, Fiorella & Friedman, LLP
        292 Madison Avenue
        New York, NY 10017
        Attorneys for Defendant JULES ABADI

PLEASE TAKE NOTICE that on this date plaintiff SUSAN GARVEY, by her undersigned counsel, THE YANKOWITZ LAW FIRM, P.C., has filed a notice of motion in the office of the Clerk of the United States District Court for the Southern District of New York, for an order dismissing this action.  This motion is made on the grounds that:

1.    The United States District Court for the Southern District of New York lacks subject matter jurisdiction of the action herein.

2.    The Petitioner herein has failed to state a claim upon which relief can be granted.

3.    The Petitioner is not entitled to exoneration from or limitation of liability as a matter of law.

Plaintiff also moves the Court for an order, directing defendant to pay all costs and attorneys fees plaintiff has incurred as a result of defendant's frivolous and meritless

commencement of this action in disregard of the Order of Hon. Justice Louis L. Stanton dated October 18, 2007.

Dated:        Great Neck, NY
              December 28, 2007

                                    THE YANKOWITZ LAW FIRM, P.C.
                                    Attorneys for SUSAN GARVEY

                                    _____
                                    ROBERT P. BAQUET (8162)
                                    175 East Shore Road
                                    Great Neck, NY 11023
                                    (516) 622-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT

        Of

                                          **AFFIRMATION IN SUPPORT**

JULES ABADI, as owned of vessel M/V
PLAYPEN for Exoneration from or Limitation of
Liability,

                                          07 - Civ - 9575

            Petitioner.
-------------------------------------------------------------------X

      ROBERT P. BAQUET, an attorney admitted to practice before the Courts of this State and The U.S. District Courts of the Southern and Eastern Districts, affirms the truth of the following under the penalty of perjury:

    1.  I am an associate of THE YANKOWITZ LAW FIRM, P.C. attorneys for the plaintiff herein and as such I am fully familiar with the facts and circumstances of this action based upon a review of the case file and the investigation materials contained therein.

    2.  This affidavit is respectfully submitted in support of plaintiff's motion to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1) and for failure to state a claim upon which relief can be grated pursuant to Fed. R. Civ. P. 12 (b)(6), and, alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56.

### FACTUAL AND PROCEDURAL BACKGROUND

    3.  SUSAN GARVEY, the respondent herein (hereinafter "GARVEY" or "Respondent"), brought an action against JULES ABADI, the petitioner herein (hereinafter "ABADI" or "Petitioner"), in Supreme Court of the State of New York, New York County, seeking monetary damages for personal injuries Respondent sustained due to Petitioner's careless, reckless, and

negligent operation of a small pleasure boat (on which GARVEY was a passenger and ABADI owned) at and near south end inner breakwater at the entrance of the Miami Beach Marina, 300 Alton Road, Miami Beach, Florida 33139. On October 3, 2006, ABADI was returning his boat to the Miami Beach Marina after taking GARVEY on a pleasure ride aboard his newly purchased boat, when ABADI negligently, carelessly caused his boat to strike and collide into a concrete seawall at the aforesaid location.

4. GARVEY and ABADI were residents of New York County, and GARVEY commenced the underlying personal injury action (hereinafter "State Court Action") by the filing of a Summons and Complaint in Supreme Court, New York County on May 18, 2007. (A copy of the Summons and Complaint is annexed hereto as Exhibit "A").

5. On July 6, 2007 ABADI served a Notice of Filing and Notice of Removal under docket No. 07 Civ 6189 (hereinafter "Federal Removal Action"), seeking to remove the State Court Action to the United States District Court of the Southern District of New York based upon the allegation that jurisdiction was conferred upon this Court by 28 USC §1333 and the incorrect claim that the District Courts have original jurisdiction of "any Civil case of admiralty or maritime jurisdiction". (A copy of said Notice of Removal is annexed as Exhibit "B").

6. On July 23, 2007 plaintiff brought a motion to remand the personal injury action back to New York State Supreme Court, New York County on the grounds of lack of subject matter jurisdiction. (Please see a copy of said motion annexed hereto as Exhibit "C"). On October 17, 2007, counsel for the petitioner herein wrote to Hon. Louis L. Stanton and stated that he would consent to have the action remanded to state court. (Please see a copy of said correspondence annexed hereto as Exhibit "D"). On October 18, 2007, Hon. Louis L. Stanton granted plaintiff's motion finding that this court had no subject matter jurisdiction and ordered that the case be remanded to the Supreme Court of the State of New York, County of New York. (A copy of said order is annexed hereto as Exhibit "E").

7. On October 29, 2007, ABADI, the Petitioner herein, brought this proceeding for exoneration from or limitation of liability in the United States District Court for the Southern

District of New York under Docket No. 07-cv-9575. (A copy of the Notice of Complaint for Exoneration From Or Limitation of Liability is annexed hereto as Exhibit "F").

8. On November 28, 2007, GARVEY, as Respondent herein, filed and served an Answer and Claim in response to Petitioner's complaint. (A copy of the Answer and Claim is annexed hereto as Exhibit "G"). As set forth in the Answer, lack of subject matter jurisdiction was alleged, in accordance with the Order of Hon. Justice Louis L. Stanton. (Please see Exhibit E).

9. The facts as presented herein are attested to in the Affidavit of Respondent, SUSAN GARVEY, in support of the instant application to this Honorable Court. (Please see Exhibit H).

## ARGUMENT

### POINT I:

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE WITHIN ACTION, AS THIS ACTION DOES NOT FALL WITHIN THE COURT'S POWER TO EXERCISE ADMIRALTY JURISDICTION

10. Federal courts are courts of limited jurisdiction. Parties may not waive a lack of subject matter jurisdiction, and a federal court that lacks subject matter jurisdiction over a case before it must dismiss. The burden is on the party asserting subject matter jurisdiction to prove that it exists. See Morales Feliciano v. Rullan, 303 F.3d 1, 6 (1st Cir. 2002); Donahue v. City of Boston, 304 F.3d 110, 117 (1st Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)).

11. Here, the Petitioner alleges that this Court has admiralty jurisdiction over the action in question pursuant to 46 U.S.C. 30501, which provides for exoneration and limitation of vessel owners under certain circumstances. However, every Circuit Court to consider the issue in the recent past has held that the Exoneration and Limitation Act does not provide a basis of federal jurisdiction. Instead, an independent basis for maritime jurisdiction must exist. See Seven

Resorts, Inc. v. Cantlen, 57 F.3d 771, 773 (9 Cir. 1995); Sea Vessel, Inc. v. Reyes, 23 F.3d 345,

348 n.6 (11 Cir. 1994); David Wright Charter Serv. of N. Carolina, Inc. v. Wright, 925 F.2d 783,

785 (4 Cir. 1991); Three Buoys Houseboat Vacation U.S.A. Ltd. v. Morts, 921 F.2d 775, 779-80

(8 Cir. 1990); Guillory v. Outboard Motor Corp., 956 F.2d 114, 115 (5 Cir. 1992).

12.    Accordingly, because the Act does not confer a ground for jurisdiction, the Court is now

back in the position it was in when the Petitioner herein instituted the original Federal Removal

Action. There is no independent grounds for admiralty jurisdiction based upon the factual

scenario herein, and for this reason the original action was remanded by this Court to state court.

(Please see Exhibits "D" and "E").

13.    Therefore, because this Court does not have subject matter jurisdiction over this case,

the Petitioner's complaint for exoneration from or limitation of liability should be dismissed.


**POINT II:**

**THE HONNORABLE JUSTICE LOUIS L. STANTON HAD DETERMINED
THAT THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION
OVER THIS CASE, (please see Order Exhibit "E").**

**PETITIONER HEREIN VOLUNTARILY CONSENTED TO REMAND THIS CAUSE
OF ACTION TO NEW YORK STATE SUPREME COURT AND THEREFORE
CANNOT NOW ASSERT A CLAIM IN FEDERAL COURT**


14.    In New York, a cause of action is defined as a set of facts upon which relief can be

granted. What is important is not the legal theories plead, but the set of facts plead, which give

rise to legal claims and defenses. See Holzer v. Feinstein, 23 A.D.2d 771 (N.Y. App. Div. 1st

Dep't 1955).

15.    This view of the "cause of action" is seen in various areas of New York law. For

example, pleading a particular set of facts is sufficient to entitle a plaintiff to relief on legal

theories that were not mentioned in his complaint, so long as the facts plead ultimately gave rise to such relief. See, e.g., <u>Diemer v. Diemer</u>, 8 N.Y.2d 206 (N.Y. 1960); <u>Lane v. Mercury</u>, 21 A.D.2d 602 (N.Y. App. Div. 1st Dep't 1964).

16.    In addition, for res judicata purposes, a plaintiff must simultaneously pursue all legal remedies it would be entitled to, based upon a particular transaction or occurrence. Once that transaction or occurrence is adjudicated, any further actions based on those facts are barred by res judicata. See <u>O'Brien v. Syracuse</u>, 54 N.Y.2d 353, 357 (N.Y. 1981) ("[o]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.").

17.    This court has determined that it does not have subject matter jurisdiction of this case, and here, the Petitioner voluntarily waived its objections to the Respondent's motion to remand the original damages action to state court. As described above, the petitioner had previously agreed to litigate all claims arising from the set of facts described herein – namely those concerning and surrounding the boating accident of October 1, 2006. The Petitioner's instant action is nothing more than an attempt to return to federal court after this court has determined subject matter jurisdiction does not exist. The Petitioner cannot be permitted to bring a separate action based on the same facts in federal court, after consenting to plaintiff's motion to remand to New York Supreme Court and after this court had ordered that there is no federal subject matter jurisdiction.

18.    In addition, the issue at bar – the exoneration from and limitation of petitioner's liability – is not itself a legal action. It is a <u>defense</u> to an action for damages. See <u>In re Three Buoys Houseboat Vacations USA, Ltd. v. Morts</u>, 921 F.2d 775 (8th Cir. 1990), rev'd on other

grounds, 497 U.S. 1020, 110 S. Ct. 3265, 111 L. Ed. 2d 775 (1990), (finding that the Limitation of Liability Act is a defense and does not itself create a cause of action); <u>Seven Resorts, Inc. v. Cantlen</u>, 57 F.3d 771 (9th Cir. 1995) (asserting that the Limitation of Liability Act is a defense, not a cause of action).

19.    Because the Petitioner has consented to litigate the damages action in state court, and the Hon. Louis L. Stanton ordered that the case be remanded to the Supreme Court of the State of New York, New York County, the Petitioner cannot now seek to assert, in federal court, a defense in New York State Supreme Court to the damages action. The complaint herein should therefore be dismissed because the petitioner failed to state a claim upon which relief could be granted by a federal court.

## POINT III:

**EXONERATION FROM OR LIMITATION OF LIABILITY IS ONLY AVAILABLE WHERE THE DEFENDANT WAS NOT NEGLIGENT, AND BECAUSE NO QUESTION EXISTS AS TO DEFENDANT'S NEGLIGENCE, RESPONDENT IS ENTITLED TO <u>SUMMARY JUDGMENT</u>**

20.    Fed. R. Civ. P. 56 (c) provides that summary judgment may be granted where the movant is entitled to judgment as a matter of law.

21.    In an action for limitation of liability, a vessel's owner is not entitled to exoneration from or limitation of liability where (1) the vessel was unseaworthy or if the accident was caused by the negligence of the owner, and (2) the shipowner had knowledge or privity of the unseaworthiness or negligence. A respondent must establish unseaworthiness or negligence. Then, a petitioner must prove lack of knowledge or privity of that unseaworthiness or negligence. <u>In re Guglielmo</u>, 897 F.2d 58, 61 (2d Cir. 1990).

22.    Here, the boat owner and the boat's operator are one and the same. The Petitioner

herein owned the pleasure vessel, and operated it on the date in question. Therefore, if the Petitioner was negligent in piloting the boat, he necessarily had knowledge or privity of that negligence by virtue of having been the very person guilty of committing the negligent acts that injured the Respondent.

23.     The facts before the court are simple. The Respondent was a passenger on the Petitioner's boat, which he both <u>owned and operated at all relevant times herein</u>. The Petitioner was attempting to bring his boat into a Marina in Miami when he crashed the boat into a concrete seawall at the Marina. No other vessel was involved in the crash. These facts are described in more detail in the Affidavit of SUSAN GARVEY, which is annexed hereto as Exhibit "H".

24.     Because this accident did not involve another craft piloted by another person, but simply involved one pilot, one boat, and a concrete seawall into which that boat crashed, it is indisputable that the Petitioner's piloting of the vessel was negligent. A boat would not come into contact with a concrete seawall such that a passenger's finger would be amputated and embedded into the concrete seawall in the absence of the pilot's negligence. In other words, there is no non-negligent explanation possible for the accident that occurred.

25.     Because the Petitioner was inarguably negligent, he is not entitled to exoneration for and limitation of liability as a matter of law and summary judgment dismissing the complaint should be granted to the respondent.

**WHEREFORE**, it is respectfully requested that respondent's motion be granted and an Order entered (1) dismissing the within action for lack of subject matter jurisdiction and/or failure to state a claim upon which relief could be granted or, in the alternative, granting summary judgment to the respondent; (2) assessing costs and attorneys fees against defendant as a result of defendant's frivolous and improper removal of this action, designed to harass the

plaintiff (3) for such other and further relief as this Honorable Court deems just and proper.

Dated: Great Neck NY
       December 27, 2007

                                        THE YANKOWITZ LAW FIRM, P.C.
                                        Attorneys for SUSAN GARVEY

                                        ROBERT P. BAQUET (8162)
                                        175 East Shore Road
                                        Great Neck, NY 11023
                                        (516) 622-6200