Robert P. Baquet (RB 8162)
THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road
Great Neck, NY 11023
(516) 622-6200
Attorneys for Respondent
SUSAN GARVEY


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT

      of                                                            07 - Civ – 9575 (JFK)


JULES ABADI, as owned of vessel M/V
PLAYPEN for Exoneration from or Limitation of
Liability,

        Petitioner.
-------------------------------------------------------------------X


**RESPONDENT'S MEMORANDUM OF LAW IN REPLY**




THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road
Great Neck, NY 11023
516-622-6200
Attorneys for Respondent
Susan Garvey

## PRELIMINARY STATEMENT

Petitioner cannot avail himself of exoneration from or limitation of liability because the Limitation Act is unavailable for boat owners that are negligent and Summary Judgment is proper.

Garvey's irrevocable election to commence in state court under the Saving to Suitors Clause 28 U.S.C. § 1333(1) deprives this court of original jurisdiction over the action. In effect the election deprives this court of admiralty jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

SUSAN GARVEY, the respondent herein (hereinafter "GARVEY" or "Respondent"), brought an action against JULES ABADI, the petitioner herein (hereinafter "ABADI" or "Petitioner"), in Supreme Court of the State of New York, New York County. (exhibit "A" in Movant's original moving papers).

GARVEY and ABADI were residents of New York County at the time of the incident therefore, no diversity jurisdiction exists.

On July 6, 2007 ABADI served a Notice of Filing and Notice of Removal under docket No. 07 Civ 6189 (hereinafter "Federal Removal Action"), seeking to remove the State Court Action to the United States District Court of the Southern District of New York in direct contravention of Garvey's rights under the Saving to Suitors Clause 28 U.S.C. § 1333(1), (exhibit "B" in Movant's original moving papers).

On July 23, 2007 plaintiff brought a motion to remand the personal injury action back to New York State Supreme Court, New York County, (exhibit "C" in Movant's original moving papers).

On October 18, 2007, Hon. Louis L. Stanton granted plaintiff's motion finding that this court had no subject matter jurisdiction and ordered that the case be remanded to the Supreme Court of the State of New York, County of New York, (exhibit "E" in Movant's original moving papers).

On October 29, 2007, ABADI, the Petitioner herein, brought this proceeding for exoneration from or limitation of liability in the United States District Court for the Southern District of New York under Docket No. 07-cv-9575, (exhibit "H" in Movant's original moving papers).

On January 16, 2008 the Honorable John F. Keenan granted permission to bring the instant application without the need of a pre-motion conference. Opposing counsel was informed by telephone at which time a schedule to serve the motion, to oppose, and to reply were set. Correspondence memorializing the conversation of that day was sent by first class mail. (Please see exhibit "A" attached hereto). The Court ordered that the parties were to serve the papers upon the Court when the motion was fully briefed.

The facts of the underlying action are attested to in the Affidavit of Respondent, SUSAN GARVEY, in support of the instant application to this Honorable Court, (exhibit "H" in Movant's original moving papers).

### ARGUMENT

### POINT I:

**UNDER THE SAVING TO SUITOR'S CLAUSE SUSAN GARVEY IS ENTITLED TO LITIGATE HER CAUSE OF ACTION IN STATE COURT.**

In J. Aron & Co. v. Chown, 894 F. Supp. 697 after a hearing, the court concluded that it lacked subject matter jurisdiction over the action and remanded the action back to state court. The court held that the insured had made an irrevocable election to proceed at

-3-

common law rather than in admiralty by filing the action in the state court pursuant to the Saving to Suitors Clause of 28 U.S.C.S. § 1333(1). The court held the effect of the election was to deprive the court of admiralty jurisdiction. Under the Saving to Suitors Clause, "plaintiffs with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail themselves of federal admiralty jurisdiction or sue at law in state court." *McAllister Brothers, Inc., v. Ocean Marine Indemnity Co.,* 742 F. Supp. 70, 75 (S.D.N.Y. 1989). The effect of this election is to characterize the plaintiff's claim either as a claim at common law or a claim in admiralty. If the plaintiff elects to characterize his claim as one at common law by commencing an action in state court under the Saving to Suitors Clause, this characterization of the claim will not be affected by subsequent removal of the action. The consequences of the plaintiff's election were extensively analyzed by Judge Mishler in a recent decision, *Kurkomelis v. Goldenbaum,* 1990 WL 156145 (E.D.N.Y. August 21, 1990), in which an action commenced in state court as a tort action, which had been removed on the sole basis of admiralty jurisdiction, was remanded one year after removal, despite the plaintiffs' failure to timely object to removal:

> It is beyond question that a federal district court cannot maintain jurisdiction over an action commenced as a state law tort claim absent diversity between the parties or some other basis of federal jurisdiction. Therefore, even though the [plaintiffs] could have been pleaded *[sic]* their case as a maritime tort falling within the admiralty jurisdiction of the federal courts, their choosing to plead their case as one governed by state tort law determined the character of their claims. . . . In the case before us, plaintiffs commenced their action as a tort action governed by New York State law; they did not commence an action in admiralty. Defendants' removal of the case to this court has not transformed

the proceeding into an admiralty action. Removal does not transform a case; it merely, as the term suggests, "removes" it. When we receive an action from the state court, we take it in the form in which it was commenced. Removal is not some magical potion that can transform a proceeding into something other than the case the state court received upon commencement.

*Id.* at *4-*5 (citation omitted).

Since SUSAN GARVEY elected to bring her cause of action in state court under the Saving to Suitors Clause, 28 U.S.C. § 1333(1), removal of her action was improper and properly remanded by THE HONNORABLE JUSTICE LOUIS L. STANTON.

## POINT II:

### EXONERATION FROM OR LIMITATION OF LIABILITY IS ONLY AVAILABLE WHERE THE PETITIONER WAS NOT NEGLIGENT, AND BECAUSE PETITIONER WAS NEGLIGENT, RESPONDENT IS ENTITLED TO <u>SUMMARY JUDGMENT</u>

The Limited Liability Act was passed for the encouragement of shipbuilding and the employment of ships in commerce, by providing that the owners of ships should not be liable beyond their interest in the ship and freight for the acts of the master or crew done without their privity or knowledge. <u>The 84-H, 296 F.</u> The privity or knowledge must be actual and not merely constructive. The rule is definite as to privity or knowledge, which must involve personal participation upon the part of the owner in the fault or act of negligence causing the loss or injury. <u>427</u>. The burden of proving their right to limitation of liability is on the petitioners. <u>Mattie, 38 F. Supp. 745.</u> Upon the issue of negligence, the claimant has the affirmative ( The Titanic, 225 Fed. 747, 748, 141 C.C.A. 19), and if negligence is found the petitioner has the

burden of proof upon the further issue of the petitioner's privity and knowledge Re Reichert, 251 Fed. 214, 217, 163 C.C.A. 370.

The testimony of SUSAN GARVEY is the only admissible evidence before this court as to the facts of the subject October 1, 2006 accident. Her undisputed testimony is as follows:

"On October 1, 2006, I was an invited guest on the vessel named M/V Playpen that was owned and operated by the Petitioner, JULES ABADI. Petitioner, JULES ABADI, and I were the only two people on board. JULES ABADI at all times operated the boat and I, at all times, was the invited passenger" (Garvey Affidavit ¶ 2 exhibit "H" in Movant's original moving papers).

"On October 1, 2006, JULES ABADI, was returning his boat to the Miami Beach Marina after taking me on a pleasure ride aboard his newly purchased boat, when JULES ABADI carelessly, recklessly, and negligently abandoned the steering wheel and caused his boat to strike and collide into a concrete seawall within the Miami Beach Marina" (Garvey Affidavit ¶ 3 exhibit "H" in Movant's original moving papers).

"At approximately 4:30 in the afternoon on that day, October 1, 2006, JULES ABADI left the wheel of the boat, and as a direct consequence of leaving the boat unmanned it crashed into a concrete seawall. No other boat was involved". (Garvey Affidavit ¶ 4 exhibit "H" in Movant's original moving papers).

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id.* at 248. In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.* There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law. *Anderson*, 477 U.S. at 248. This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

Petitioner in limitation cites, <u>In the matter of Guglielmo</u>, 897 F.2d 58 to support the notion that SUSAN GARVEY failed to demonstrate by a preponderance of the evidence that petitioner was negligent. Petitioner in limitation, JULES ABADI, has not proffered any evidence in admissible form that contradicts or raises doubt as to the veracity of her testimony. In fact, the affidavit of SUSAN GARVEY is the only admissible evidence in the instant application.

SUSAN GARVEY'S Affidavit is credible, consistent, and unchallenged, fundamentally shifting the burden to the vessel owner.

Where a claimant can establish either that the vessel was unseaworthy -- for instance, being operated by an incompetent crew, *see Application of Theisen,* 349 F. Supp. 737, 740 (E.D.N.Y. 1972) -- or that the accident was caused by negligence, a petitioner for limitation then has the burden of proving that he or she lacked knowledge or privity regarding the unseaworthiness or negligence. *See Tug Ocean Prince, Inc. v. United States,* 584 F.2d 1151, 1155 (2d Cir. 1978), *cert. denied,* 440 U.S. 959, 59 L. Ed. 2d 772, 99 S. Ct. 1499 (1979); *Theisen,* 349 F. Supp. at 740.

Petitioner fails to point out that in *Guglielmo*, supra, the owner of the boat was not present at the accident and therefore did not have knowledge or privity regarding negligent acts. The instant action is distinguishable from *Guglielmo*, supra. In the instant action, not only was the owner of the pleasure boat and the petitioner in limitation, JULES ABADI, present at the time of the accident he was THE OPERATOR of the boat when he ABANDONED THE STEERING WHEEL, lost control, and caused the boat to crash onto a cement seawall.

The issue of privity does not exist in the instant action in that the Petitioner, JULES ABADI, was not merely the boat owner, but the operator of the boat as well, and whose negligence of leaving the steering wheel unmanned and crashing the boat on a concrete seawall, was the proximate cause of the devastating injuries to SUSAN GARVEY.

Petitioner cites LaRouche v. Webster, 175 F.R.D. 452, but Larouche, stands for the proposition that affidavits without first hand knowledge should be stricken, however, SUSAN GARVEY'S Affidavit is attested to by one with personal knowledge and is the only affidavit that bears any weight. She, after all, was on the boat and personally witnessed, Petitioner JULES

ABADI, the operator of said boat leave the wheel unmanned causing it to crash into the concrete seawall, and caused her hand to be pinned between the seawall and the boat.

Rule 56(e) requires a party moving for summary judgment to submit supporting affidavits based on personal knowledge. Fed. R. Civ. P. 56(e); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988). SUSAN GARVEY'S Affidavit is based on personal knowledge. Generally, affiants have personal knowledge to testify about their experiences. *See, e.g., Christian Dior-New York, Inc. v. Koret, Inc.,* 792 F.2d 34, 38 (2d Cir. 1986) (corporate officer affiant had requisite personal knowledge under Rule 56(e) to testify about his impressions of contract negotiations). Affiants may also testify to the contents of records they have reviewed in their official capacities. *See Londrigan v. Federal Bureau of Investigation,* 216 U.S. App. D.C. 345, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (refusing to strike portion of FBI agent's affidavit that described affiant's "own observations upon review of the documents" in FBI's files). Any portion of an affidavit that is not based on personal knowledge should be stricken. *See United States v. Alessi,* 599 F.2d 513, 515 (2d Cir. 1979) (striking six paragraphs of affidavit that were not based on personal knowledge while considering rest of affidavit).

Moreover, it is in fact the allegations of opposing counsel's representations that should be stricken, since he is without personal knowledge of the facts.

Counsel for petitioner states "Here, claimant does not even state how Mr. Abadi's operation of the vessel caused her to be injured".

In SUSAN GARVEY'S Affidavit she testifies at ¶4 & ¶5: "At approximately 4:30 in the afternoon on that day, October 1, 2006, JULES ABADI left the wheel of the boat, and as a direct consequence of leaving the boat unmanned it crashed into a concrete seawall. No other boat was involved". My hand got pinned between the boat and the concrete seawall. As a result, my left

thumb was partially amputated by the crash and the amputated part of my left hand thumb was embedded into the concrete seawall. (Garvey Affidavit, exhibit "H" in Movant's original moving papers).

It is clearly evident to an unbiased reader that SUSAN GARVEY describes the mechanism, which proximately caused her injury: the careless, reckless, and negligent operation of the boat by Petitioner in Limitation, JULES ABADI. Petitioner, JULES ABADI, fails to provide an affidavit or any other admissible evidence to contradict SUSAN GARVEY'S Affidavit. (Garvey Affidavit, exhibit "H" in Movant's original moving papers).

The unsupported allegations and statements in the memorandum of law submitted by Petitioner's counsel is not admissible evidence; defendant Petitioner has failed to meet his burden of proof as a matter of law.

## CONCLUSION

It is respectfully requested that respondent's motion be granted and an Order entered (1) granting summary judgment to the respondent dismissing the Petition for exoneration from or limitation of liability due to Petitioner's negligence; (2) assessing costs and attorneys fees against defendant as a result of defendant's frivolous and improper attempt to circumvent the October 18, 2007 Order of Hon, Louis L. Stanton, which was designed to harass the plaintiff; (3) for such other and further relief as this Honorable Court deems just and proper.

February 25, 2008

                        THE YANKOWITZ LAW FIRM, P.C.
                        Attorneys for SUSAN GARVEY

                        ROBERT      P. BAQUET (8162)

                        175 East Shore Road
                        Great Neck, NY 11023

(516) 622-6200

-11-