UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUSAN GARVEY,

        Plaintiff(s),

-against-

JULES ABADI,

        Defendant(s),
-----------------------------------------------------------------X

NOTICE OF MOTION
TO REMAND ACTION
TO STATE COURT:
ABSENCE OF FEDERAL
QUESTION

07 Civ. 6189 (LLS)

TO:    Rubin, Fiorella & Friedman, LLP
        292 Madison Avenue
        New York, NY 10017
        Attorneys for Defendant JULES ABADI

PLEASE TAKE NOTICE that on this date plaintiff SUSAN GARVEY, by her undersigned counsel, THE YANKOWITZ LAW FIRM, P.C., has filed a notice of motion in the office of the Clerk of the United States District Court for the Southern District of New York, for an order remanding this action to State Court. This motion is made on the grounds that:

1.    This action does not involve any substantial or genuine claim or right arising under the Constitution, laws, or treaties of the United States.

2.    No other basis for federal jurisdiction exists or has been claimed.

3.    This Court therefore has no jurisdiction over this action.

Plaintiff also moves the Court for an order directing defendant to pay all costs and attorneys fees plaintiff has incurred as a result of defendant's removal of this action.

Dated:    Great Neck, NY
             July 23, 2007

             THE YANKOWITZ LAW FIRM, P.C.
             Attorneys for SUSAN GARVEY

             By:
             JACK A .YANKOWITZ
             175 East Shore Road
             Great Neck, NY 11023
             (516) 622-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUSAN GARVEY,

        Plaintiff(s),

  -against-

JULES ABADI,

        Defendant(s),
-----------------------------------------------------------------X

**AFFIRMATION**
**IN SUPPORT**

07 Civ. 6189 (LLS)

    Jack A. Yankowitz, an attorney admitted to practice before the Courts of this State and The U.S. District Courts of the Southern and Eastern Districts, affirms the truth of the following under the penalty of perjury:

    1.    I am a member of THE YANKOWITZ LAW FIRM, P.C., attorneys for the plaintiff herein and as such I am fully familiar with the facts and circumstances of this action based upon a review of the case file and the investigation materials contained therein.

    2.    This affidavit is respectfully submitted in support of plaintiff's motion to remand this action to State Court on the ground that there is an absence of Federal Question and the action was improperly removed.

## BACKGROUND

    3.    The plaintiff SUSAN GARVEY brought the within action against the defendant JULES ABADI seeking monetary damages for personal injuries she sustained due to defendants careless, reckless and negligent operation of a small pleasure boat (on which plaintiff was a passenger and the defendant owned) at and near south end inner breakwater at the entrance of the Miami Beach Marina, 300 Alton Road, Miami Beach, Florida 33139.  On October 3, 2006 the defendant was returning his boat to the Miami Beach Marina after taking the plaintiff on a pleasure ride aboard his newly purchased boat, when he negligently, carelessly caused his boat to strike and collide into a concrete jetty at the aforesaid location.

    4.    The plaintiff and defendant are residents of New York County and the action was commenced by the filing of a Summons and Complaint in Supreme Court, New York County on May 18, 2007 (a copy of the Summons and Complaint is annexed hereto as Exhibit A).

    5.    On July 6, 2007 the defendant served a Notice of Filing and Notice of Removal, removing the

State Court action to the United States District Court of the Southern District of New York based upon their allegation that jurisdiction was conferred upon this Court by 28 USC §1333 and their incorrect claim that the District Courts have original jurisdiction of "any Civil case of admiralty or maritime jurisdiction". (A copy of said Notice of Removal is annexed as Exhibit "B").

6. The Federal admiralty or maritime jurisdiction does not apply to the facts alleged in this case (see Exhibit A) and the defendant's Removal of the Action from the New York State Supreme court of New York County was improper and this case should be remanded back to State Court.

7. This case involved defendant's careless, reckless and negligent operation of a small pleasure boat causing injuries to the plaintiff. Maritime locality alone is an insufficient basis to invoke the admiralty jurisdiction of this Court. In Order for the defendant to invoke the admiralty jurisdiction of this Court, the defendant must establish a significant relationship to traditional maritime activity or maritime commerce.

8. The Supreme Court of the United States held in Executive Jet Aviation, Inc., et al. v. City of Cleveland et al., 409 U.S. 249; 93 S. Ct. 493; 34 L. Ed. 2d 454 (1972), that the location of the tort over navigable water alone was an insufficient basis upon which to base the admiralty jurisdiction. The Court further held that maritime jurisdiction was also dependant upon a significant relationship to maritime commerce. Thus, two elements were required for admiralty jurisdiction over an action for tortious injuries.

9. The law of admiralty was specifically designed for the shipping industry, not small pleasure boats. See, William Ralph Roberts, ET. AL. v. Larry Grammer, 432 F. Supp. 16; 1977 U.S. Dist. LEXIS 17989. See also, 7A J. Moore, Federal Practice, Admiralty P. 325(3) (5) (2nd Ed) 1975 Supp.); Black Admiralty Jurisdiction: Critique and Suggestions, 50 Col. L. Rev. 259, 262 (1950).

10. Clearly, federal admiralty jurisdiction does not apply to the facts of this case and defendants removal was improper and should be reversed, and the within Action be remanded back to State Court as a matter of law.

WHEREFORE, it is respectfully requested that plaintiff's motion be granted and an Order entered (1) remanding the action to the New York State Supreme Court, New York County, (2) assessing costs and attorneys fees against defendant as a result of defendant's improper removal of this action, (3) for such other and further relief as this Honorable Court deems just and proper.

Dated: Great Neck NY
        July 23, 2007

                                            THE YANKOWITZ LAW FIRM, P.C.
                                            Attorneys for SUSAN GARVEY

                                            By:

                    JACK A .YANKOWITZ

                                            175 East Shore Road
                                            Great Neck, NY 11023
                                            (516) 622-6200