James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

of

JULES ABADI, as owner of vessel M/V
PLAYPEN for Exoneration from or Limitation of
Liability,

     Petitioner.

07 CIV 9575

**NOTICE OF COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

  **PLEASE TAKE NOTICE** that JULES ABADI (hereinafter "Petitioner") as owner of the M/V PLAYPEN, a 28-foot 2006 Formula vessel has filed a Verified Complaint claiming the right to Exoneration from or Limitation of Liability pursuant to the vessel owner's Limitation of Liability Act, Title 46 U.S.C. § 30501 *et seq.*, for all claims, damages and/or injuries alleged by SUSAN GARVEY, and any others arising on or about October 3, 2006, while SUSAN GARVEY was aboard the Vessel on navigable waters of Miami-Dade County, State of Florida as more fully described in the Verified Complaint, and

  **PLEASE TAKE FURTHER NOTICE** that all persons, firms, entities or corporations having any claim or suit against Petitioner arising or resulting from the alleged incident must file a Claim as provided in Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, with the Clerk of the Court, at the United States

Courthouse, Southern District of New York, 500 Pearl Street, New York, New York and must deliver or mail to the attorneys for the Petitioners, James E. Mercante, Esq., RUBIN, FIORELLA & FRIEDMAN LLP, 292 Madison Avenue, 11th Floor, New York, New York 10017, a copy on or before December 17, 2007, or be defaulted. Personal attendance is not required.

Further, any claimant desiring to contest Petitioner's right either to Exoneration from or Limitation of Liability shall file an Answer to the Verified Complaint on or before the aforesaid date as required by Supplemental Rule "F" of the Federal Rules of Civil Procedure, and deliver or mail a copy to the attorneys for the Petitioners, or be defaulted.

Dated: New York, New York
October 29, 2007

*J. Michael McMahon*
Clerk

James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner

07 CIV 9575

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

of

JULES ABADI, as owner of vessel M/V PLAYPEN for Exoneration from or Limitation of Liability,

Petitioner.

CV

**VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

OCT 26 2007
CASHIERS

JULES ABADI (hereinafter "Petitioner"), by his attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, for his Verified Complaint seeking Exoneration from or Limitation of Liability, alleges upon information and belief, as follows:

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

2. Petitioner, JULES ABADI is the owner of the M/V PLAYPEN, 28-foot 2006 Formula vessel (hereinafter referred to as the "Vessel").

3. On or about October 3, 2006, the Vessel was traveling on the navigable waters of Miami-Dade County, State of Florida when SUSAN GARVEY, a passenger on the Vessel, claims

1

to have sustained injury.

4. The alleged injury to SUSAN GARVEY was not due to any fault, neglect, or want of care on the part of Petitioner, or the Vessel, and occurred without Petitioner's privity or knowledge.

5. On or about May 18, 2007, a suit was filed by SUSAN GARVEY against Petitioner, in Supreme Court of the State of New York, County of New York, Index No. 106756/07 for personal injury.

6. Plaintiff's claim or claims may exceed Petitioner's interest in the Vessel.

7. The Vessel was valued at $95,000 (**EXHIBIT A**, report of Wager & Associates, Inc. dated August 17, 2007)

8. Pursuant to Supplementary Rules F of the Federal Rules of Civil Procedure, Petitioner offers an *Ad Interim* Security in the amount of $95,000, said amount being not less than the value of Petitioner's interest in the Vessel at the time of the accident and there being no pending freight. (**EXHIBIT B**, *Ad Interim* Security).

9. Venue in this district is proper as Plaintiff's law suit was brought within the district.

10. Petitioner is entitled to Exoneration from Liability for any claims arising from the accident and from any and all claims that have been or may hereafter be made, and Petitioner alleges that he has valid defenses thereto on the facts and law.

11. Petitioner claims, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. § 30501 *et seq*. and the various statutes supplementary thereto and amendatory thereof.

12. Petitioner has provided security herewith in the form of an *Ad Interim* Security sufficient to cover their interest in the Vessel with surety for payment into Court, whenever the same

shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioners pray:

(1) That this Court adjudge that Petitioner is not liable for any loss, injury, or damages arising out of the incident; or,

(2) If Petitioner is adjudged liable, that such liability be limited to the value of Petitioner's interest in the Vessel in the maximum amount of $95,000, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(3) That this Court issue an Order to include the following:

   (a) Directing the issuance of Notice to all persons asserting claims with respect to the accident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be named in the Notice.

   (b) Directing Petitioner to file an *Ad Interim* Security as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the Vessel as of the date of the accident, $95,000, with interest at the rate of 6% per

3

annum from the date of said security or whenever the Court shall so order.

    (c)    Directing that upon Petitioner filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, his representatives, insurers, and the Vessel, of any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(4)    That Petitioner may have such other and further relief as the justice of the cause may require.

Dated: October 23, 2007

    RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioner

By: _____
James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
292 Madison Avenue, 11th Floor
New York, New York 10017
Ph: 212 953-2381
Fax: 212 953-2462

4

VERIFICATION PURSUANT 28 U.S.C. § 1746

The undersigned Petitioner has read the foregoing Complaint for Exoneration from or Limitation of Liability and knows the contents thereof; that the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true.

The grounds for my belief as to all matters not stated to be upon my own knowledge, are materials contained in the file.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on October 25 2007

_____
Jules Abadi

## AFFIDAVIT OF VALUE

STATE OF FLORIDA            )
                            ) SS
COUNTY OF ESCAMBIA          )

BEFORE ME, the undersigned authority, personally appeared DOUG WAGER, who having been duly sworn and deposed states:

1. My name is Doug Wager and I am the Founder and President of the yacht surveying and adjusting firm of Wager & Associates, Inc. and at all times material hereto have been a licensed adjuster in the State of Florida (Type 5-20 All Lines) and an Accredited Marine Surveyor and Member of the Society of Accredited Marine Surveyors.

2. At all times material hereto, I inspected the M/V "THE PLAYPEN," a 2006 28' Formula fiberglass runabout powered by twin Mercruiser 320 Horsepower gasoline engines fitted with Bravo Three outdrive units. The vessel's Florida State registration number is FL-8877-NG. The vessel was inspected on August 9, 2007, at the Miami Beach Marina, Miami-Dade County, Florida, and, as such, have personal knowledge of the matters set forth herein.

3. The vessel is 28' in length, has a beam of 9'2" and a draft of 3', and a displacement of approximately 8,200 pounds.

4. The M/V "THE PLAYPEN" is designed as a recreational vessel for use on inland and coastal waterways.

5. The M/V "THE PLAYPEN" as found on August 9, 2007 has been maintained in excellent condition.

6.  In addition to my survey inspection of the vessel, an extensive search was conducted for the advertised and sale prices of similar vessels. Based on all of the foregoing and on my knowledge, background and experience as an Accredited Marine Surveyor, I am of the opinion that the M/V "THE PLAYPEN" had a maximum market value in August 2007 of $95,000.

FURTHER AFFIANT SAYETH NOT.

By: _____

DOUG WAGER, President

Wager & Associates, Inc.

STATE OF FLORIDA  )
                  ) SS
COUNTY OF ESCAMBIA )

The foregoing instrument was acknowledged before me on this 17 day of August, 2007 in _Escambia_ County, _Pensacola_, Florida, by DOUG WAGER, President of Wager & Associates, who is personally known to me or who provided _____ as identification and who did take an oath and says that the foregoing are true and correct to the best of his knowledge and belief.

[Notary Seal: KRISTINE L. EDGAR, MY COMMISSION # DD 246111, EXPIRES: September 29, 2007]

_____
NOTARY PUBLIC
Print Name: KRISTINE L. EDGAR

My Commission expires: 9-29-07