Robert P. Baquet (RB 8162)
THE YANKOWITZ LAW FIRM
175 E. Shore Road
Great Neck, N.Y. 11023
(516) 622-6200
Attorneys for Respondents

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                          07 CIV 9575

IN THE MATTER OF THE COMPLAINT

Of                                                     **AMENDED ANSWER AND CLAIM TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

JULES ABADI, as owner of vessel M/V
PLAYPEN for Exoneration from or Limitation of
Liability,
        Petitioner.

SUSAN GARVEY HEREBY DEMANDS A TRIAL BY JURY

NOW INTO COURT, through undersigned counsel comes claimant, SUSAN GARVEY, of full age of majority, domiciled and residing in the state of New York, who in answer to the complaint filed herein alleges on information and belief, to wit:

<u>First Answer</u>

1.    SUSAN GARVEY asserts that the petitioner, JULES ABADI, and all parties who may be found responsible herein, may not avail themselves to the provision of 46 U. S. C. §§ 30501, *et. seq.*, regarding limitation of liability, as will be further shown through proceedings herein.

Second Answer

2.     SUSAN GARVEY alleges that the small pleasure boat on which she was injured, was operated by its owner, JULES ABADI, in a negligent manner at the time of the injury, and that the Petitioner in Limitation, JULES ABADI, had the knowledge and privity of his own negligence since petitioner in Limitation, JULES ABADI, and claimant, SUSAN GARVEY, an invited passenger, were the only two occupants onboard the small pleasure boat at the time that JULES ABADI, while operating said boat, recklessly abandoned the steering wheel, which caused the small pleasure boat to violently crash into a concrete seawall necessitating the amputation of claimant SUSAN GARVEY's thumb.

3.     AND NOW, with full reservation of all rights, claimant answers the allegations of the complaint as follows:

4.     The allegation of Paragraph 1 constitutes a legal conclusion to which no answer is required.

5.     The allegation of Paragraph 2 is Admitted.

6.     The allegation of Paragraph 3 is Denied for lack of sufficient information to form a belief, except admits that on or about October 3, 2006, SUSAN GARVEY, was an invited passenger on a small pleasure boat that was owned and negligently operated by JULES ABADI.

7. The allegation of Paragraph 4 is Denied.

8. The allegation of Paragraph 5 is Admitted.

9. The allegation of Paragraph 6 is Admitted.

10. The allegation of Paragraph 7 is Denied for lack of sufficient information to form a belief.

11. The allegation of Paragraph 8 is Denied for lack of sufficient information to form a belief.

12. The allegation of Paragraph 9 is Denied, except admits that SUSAN GARVEY filed and served a summons and complaint in the Supreme Court of New York County, bearing Index Number 106756/07 for personal injuries sustained while on a small pleasure boat that was owned and negligently operated by JULES ABADI.

13. The allegation of Paragraph 10 is Denied.

14. The allegation of Paragraph 11 is Denied.

15. The allegation of Paragraph 12 is Denied for lack of sufficient information to form a belief.

16. AND NOW, FURTHERMORE, again with full reservation of all defenses herein asserted, and any other rights, SUSAN GARVEY respectfully alleges and makes claims as follows:

17. At all times hereinafter mentioned, SUSAN GARVEY was a lawful, and invited passenger on the small pleasure boat owned by Petitioner in Limitation JULES ABADI.

18. At all times hereinafter mentioned JULES ABADI was the operator of the small pleasure boat at the time SUSAN GARVEY was injured.

19. On or about October 3, 2006, JULES ABADI, while in the course and scope of his non-delegable duties as operator and owner of the small pleasure boat that SUSAN GARVEY occupied as an invited passenger, operated said boat at an unsafe rate of speed and lost control of said small pleasure boat when he carelessly, recklessly, negligently, abandoned the steering wheel and struck, collided, and rammed a concrete seawall causing claimant, SUSAN GARVEY, to suffer, severe, permanent, and disabling injuries including, but not limited to, the amputation of her left thumb.

20. As a result of the foregoing, claimant, SUSAN GARVEY, suffered severe and disabling physical, psychological, and emotional injuries and incurred, and will continue to incur medical expenses for treatment of the aforesaid injuries all to her detriment and as a direct result of the negligence of JULES ABADI.

21. At all times pertinent herein, the small pleasure boat upon which claimant, SUSAN GARVEY, was an invited passenger at the time of the accident was operated and maintained by petitioner in limitation, JULES ABADI, and he is therefore liable for all damages caused by the aforementioned accident due to the negligence of JULES ABADI, Owner/Operator and Petitioner in Limitation for the following non-exclusive particulars:

    A.    Failure to properly maintain the small pleasure boat, M/V Playpen, on which SUSAN GARVEY was aboard as an invited passenger;

    B.    Failure to reasonably and safely operate said small pleasure boat, resulting in the accident and injuries referred to herein;

    C.    Failure to furnish safe equipment;

    D.    Failure to perform routine inspections of the small pleasure boat on which the plaintiff sustained her injuries;

    H.    Other acts of negligence to be proven at the trial of this case.

22.    The Petitioner in Limitation had the absolute and non-delegable duty to provide SUSAN GARVEY a safe and seaworthy vessel and appurtenances, and seaworthy crew.

23.    The Petitioner in Limitation's act of losing control of the small pleasure boat by operating same at an unreasonable rate of speed and purposely abandoning the steering wheel, caused the small pleasure boat to crash into a concrete seawall, and thereby was the sole, direct, and proximate cause of the injuries sustained by SUSAN GARVEY.

24.    SUSAN GARVEY further avers that the negligence on the part of JULES ABADI was so grossly negligent as to warrant punitive damages in an amount to be properly determined.

25.    Claimant, SUSAN GARVEY, avers that she in no way caused or contributed to cause the incident complained of herein, and in fact, had no reasonable opportunity to avoid same.

26.    As a direct result of the negligence, aboard the small pleasure boat, owned, operated, and maintained by Petitioner in Limitation, JULES ABADI, the injuries which

resulted therefrom has rendered SUSAN GARVEY permanently disfigured from that date.

27. SUSAN GARVEY is entitled to pre-judgment interest on all items of damages from the date of loss.

28. AND NOW, FURTHERMORE, again with full reservation of all defenses herein asserted and any other rights of SUSAN GARVEY, claimant respectfully alleges the following affirmative defenses:

    I.    Lack of Subject matter Jurisdiction. (Please see order of Honorable Justice Louis L. Stanton dated 10/18/07 annexed hereto and made part hereof by reference).

    II.    Lack of Personal Jurisdiction

    III.    Improper Venue

    IV.    Failure to State a Claim Upon Which Relief Can be Granted

    V.    Voluntary Waiver of Jurisdiction

### Prayer

WHEREFORE, SUSAN GARVEY prays that judgment be rendered herein in her favor, and against petitioner, JULES ABADI, dismissing the complaint for exoneration from and/or limitation of liability; and/or in the alternative for a judgment in favor of SUSAN GARVEY for compensatory damages in the amount of Fifteen Million Dollars ($15,000.000.00) reasonable in the premises, and punitive damages in an amount justified by the wanton, willful, and reckless act of abandoning the steering wheel, which caused the total loss of control of the small pleasure boat owned and operated by JULES ABADI

that resulted in the amputation of SUSAN GARVEY's thumb, together with legal interest from the date of accident until paid and all costs of these proceedings.

**A TRIAL BY JURY IS HEREBY DEMANDED**

Dated: November 26, 2007

                        THE YANKOWITZ LAW FIRM
                        Attorneys for SUSAN GARVEY


                        By: _____/s_____
                            Robert P. Baquet (RB 8162)
                        175 E. Shore Road
                        Great Neck, N.Y.11023
                        (516) 622-6200