James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
JULES ABADI
As owner of vessel M/V PLAYPEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          07 civ 9575 (JFK)
IN THE MATTER OF THE COMPLAINT

      of

JULES ABADI, as owner of vessel M/V
PLAYPEN for Exoneration from or Limitation of
Liability,

             Petitioner.

_____

## PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO CLAIMANT'S MOTION TO DISMISS

Of Counsel:

James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)

RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue, 11th Floor
New York, NY 10017
212-953-2381
Attorneys for Petitioner
Jules Abadi

# PRELIMINARY STATEMENT

Claimant Susan Garvey moves to dismiss this admiralty Limitation of Liability action based on a misguided notion that this Court lacks subject matter jurisdiction and that petitioner Jules Abadi is not entitled to limit liability. Claimant's motion has no merit because:

(i) claims arising out of an incident aboard a pleasure vessel that occurs on navigable waters of the United States are within the admiralty and maritime jurisdiction of the federal courts; and

(ii) federal courts have *exclusive* jurisdiction over a vessel owner's Limitation of Liability Action.

The motion is procedurally defective in that:

(a) no legal brief in support of the motion was submitted;

(b) no pre-motion conference was requested before filing; and

(c) no Local Rule 56.1 Statement was submitted.

## STATEMENT OF FACTS

On October 1, 2006, claimant was a guest on petitioner Jules Abadi's vessel, a 28 foot 2006 Formula, for a trip in the Atlantic Ocean, leaving from the Miami Beach Marina. Claimant alleges that while Abadi was returning, the vessel made contact with the sea wall at the entrance to the marina. Inexplicably, claimant reached her hand *outside* the vessel towards the wall and got her thumb caught between the wall and the vessel.

On May 18, 2007, Garvey commenced a personal injury action in Supreme Court, New York County.

On October 26, 2007, Abadi filed this Limitation of Liability proceeding seeking exoneration

## POINT I

## ADMIRALTY JURISDICTION EXISTS

Claimant contends that there is no *subject matter jurisdiction* over her claim because the Limitation of Liability Act (46 U.S.C. § 30501 *et seq*.) does not create an independent basis of jurisdiction. This is not the correct issue.

The correct issue is whether there is admiralty jurisdiction over the underlying incident. The United States Constitution provides for admiralty jurisdiction over all matters occurring on any vessel on *navigable waters*. See Constitution Art. III, § 2, cl.1; 28 U.S.C. § 1333. The nature of the vessel is not relevant as it is well-settled that admiralty jurisdiction extends to pleasure boats. Sisson v. Ruby, 497 U.S. 358 (1990); Foremost Insurance Co. v. Richardson, 457 U.S. 668, 102 S. Ct. 2654, 73 L. Ed. 2d 300 (1982) (collision between pleasure boats on navigable waters is within admiralty jurisdiction); Just v. Chambers, 312 U.S. 383 (1941) (injury to guest from carbon monoxide poisoning in the cabin of a pleasure boat); In the Matter of the Complaint of Jules S. Cornfield, 365 F. Supp. 2d 271 (E.D.N.Y. 2004) (owner/operator of pleasure boat exonerated in federal court limitation proceeding); Matter of Guglielmo, 897 F.2d 58 (2d Cir. 1990) (21-foot motorboat within Limitation of Liability Act). As the Supreme Court held in Foremost, "The federal interest in protecting maritime commerce . . . can be fully vindicated only if *all* operators of vessels on navigable waters are subject to uniform rules of conduct". 457 U.S. at 675.

A waterway is *navigable* if it is capable of being used in interstate or international commerce. The underlying incident occurred on navigable waters when the vessel was returning from the Atlantic

Ocean and entering the Miami Beach Marina. Accordingly, admiralty jurisdiction exists over the underlying claim.[1]

Whether the Limitation of Liability Act creates an independent basis for federal jurisdiction becomes an issue *only* when the underlying incident is *not* maritime. Indeed, the Supreme Court expressly left this question unanswered. Sisson v. Ruby, 497 U.S. 358 (1990) (holding where underlying claim occurred on navigable waters, admiralty jurisdiction pursuant to 28 U.S.C. 1331 existed). See In Re Bernstein, 81 F. Supp.2d 176 (D.Mass. 1999) (holding the Limitation of Liability Act provides an independent basis for federal jurisdiction). The Second Circuit has not ruled on this issue.

## POINT II

### THE LIMITATION ACTION IS NOT EFFECTED BY REMAND OF A SEPARATE ACTION

Claimant argues that the Limitation of Liability action should be dismissed because the remand of a separate state court action is a final decision that subject matter jurisdiction does not exist. One procedure has nothing to do with the other. Plaintiff cites no authority to support her position that remand of a case pursuant to 28 U.S.C. § 1447 (c) can preclude a vessel owner from exercising his federal statutory right to file a Limitation of Liability Action in federal court. There

---

[1] Claimant's reliance on Seven Resorts, Inc. v. Cantlen, 57 F.3d 771 (9th Cir. 1995); David Wright Charter Serv. of N. Carolina, Inc. v. Wright, 925 F.2d 783 (4th Cir. 1991); Three Buoys Houseboat Vacation U.S.A. Ltd. v. Morts, 921 F.2d 775 (8th Cir. 1990); Guillory v. Outboard Motor Corp., 956 F.2d 114 (5th Cir. 1992) is misplaced. In those cases, the incidents complained of occurred on *intra-state waters* not considered to be "navigable waters" for purposes of admiralty jurisdiction. In Sea Vessel, Inc. v. Reyes, 23 F.3d 345 (11th Cir. 1994), also relied on by claimant, the appellate court held that admiralty jurisdiction existed over a claim by a worker injured on vessel in dry-dock undergoing repairs, reversing the trial court's dismissal of the vessel owner's limitation action.

statement of uncontested material facts. Claimant provided only her own affidavit, with nothing but conclusory allegations of negligence. No legal brief was submitted in support of the motion. Instead, claimant's legal arguments are contained entirely within counsel's affidavit, which should be stricken. LaRouche v. Webster, 175 F.R.D. 452, 455 (S.D.N.Y. 1996) (citing Fed.R.Civ.P. Rule 56 (e), holding that facts and legal conclusions appearing in an affidavit are extraneous material and should be disregarded).[2]

Claimant's motion for summary judgment is also substantively flawed. Where a negligence claim is filed in response to a petition for exoneration from or limitation of liability, the claimant (Garvey) bears the initial burden of proving that negligence caused her injury. See In the Matter of the Complaint of Jules S. Cornfield, 365 F. Supp. 2d 271, 276 (E.D.N.Y. 2004). Claimant must demonstrate by a preponderance of the evidence that Petitioner was negligent. Id. at 276. Only if claimant meets this burden, will the burden shift to the vessel owner (Abadi) to establish that he was not in *privity or knowledge* with the cause of the accident, to wit, claimant reaching her hand outside the vessel. See In the Matter of Guglielmo, 897 F.2d 58, 61 (2 Cir. 1990). Claimant has not met this burden.

Negligence under maritime law contains the same elements as under common law. See Petition of the Kinsman Transit Co., 338 F.2d 708, 721 (2d Cir. 1964). Claimant must establish duty, breach of duty, and causation. See id. Under maritime law, a vessel owner owes a guest the duty to exercise reasonable care under the circumstances. Kermarec v. Compagnie Generale Transatlantique

---

[2] Despite arguing that this Court lacks subject matter jurisdiction over this action, claimant nonetheless also moves for summary judgment. This is a *non sequitur*. If claimant is correct as to subject matter jurisdiction, which she is not, then this Court has no power to rule on a motion for summary judgment.

358 U.S. 625, 630, 3 L. Ed. 2d 550, 79 S. Ct. 406 (1959). This duty of care, however, does not render the vessel owner the insurer of his guest's safety. See Monteleone v. Bahama Cruise Line, Inc., 838 F.2d 63, 64-65 (2d Cir. 1988). Here, claimant does not even state how Mr. Abadi's operation of the vessel caused her to be injured. To the contrary, claimant asserts simply that because the incident occurred, Abadi must have been negligent. Such assertions of *res ipsa loquitur* do not satisfy a claimant's burden of proving negligence. See Cornfield, 365 F. Supp.2d at 280. Indeed, Mr. Abadi had no idea his guest would put her hand outside the boat.

Claimant's motion for summary judgment is procedurally defective and substantively deficient.

## CONCLUSION

For the reasons set forth herein, this Court has subject matter jurisdiction over the Limitation of Liability Action. Claimant's motion to dismiss has no merit. Moreover, claimant's motion for summary judgment is procedurally defective and substantively deficient.

Dated: February 11, 2008

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioner
By: _____
James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
292 Madison Avenue, 11th Floor
New York, New York 10017
212 953-2381
Our File No. 567-8983