**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------X
IN THE MATTER OF THE COMPLAINT         :

       of                              :

                                               07 Civ. 9575 (JFK)

JULES ABADI, as owner of vessel M/V    :
PLAYPEN for Exoneration from or
Limitation of Liability,               :   **MEMORANDUM OPINION**
                                           **& ORDER**
        Petitioner,                 :

       -against-                        :

SUSAN GARVEY,                          :
        Respondent.
---------------------------------------X
**JOHN F. KEENAN, United States District Judge:**

### INTRODUCTION

       This is an action pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501 et seq. Petitioner Jules Abadi ("Petitioner", or "Abadi") seeks an order exonerating him from or limiting his liability for a pleasure-boating accident resulting in injury to respondent Susan Garvey ("Respondent", or "Garvey"), a passenger on the boat. Garvey moves to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and, alternatively, for summary judgment. For the reasons discussed below, the motions are denied.

**BACKGROUND**

**A.   Facts**

The following facts are alleged in Petitioner's verified complaint. Abadi is the owner of the vessel M/V Playpen, a 28-foot pleasure boat. (Compl. ¶ 1.) On or about October 3, 2006, his boat "was traveling on the navigable waters of Miami-Dade County, State of Florida" when Susan Garvey, a passenger, allegedly sustained an injury. (Id. ¶ 2.) Petitioner Abadi claims he was not at fault for the alleged injury and that the injury occurred "without [his] knowledge or privity." (Id. ¶ 2.) Garvey filed a personal injury suit against Abadi in Supreme Court, New York County on May 18, 2007. (Id. ¶ 5.) Abadi seeks an order exonerating him from liability for Garvey's injury or limiting his liability to the value of the boat on the date of the accident, which he stipulates to be $95,000. (Id. ¶ 7-12.)

The following additional details are offered by Garvey's affidavit in support of summary judgment. On October 1, 2006, Garvey was an invited passenger for a pleasure ride on the M/V Playpen, which was operated at all times by its owner, Abadi. (Garvey Aff. ¶ 2.) Abadi and Garvey were the only two people on board. (Id.) After the voyage, Abadi was returning the boat to the Miami Beach Marina in the afternoon when he left the steering wheel, allowing the boat to collide with the

marina's concrete seawall. (Id. ¶ 3-4.) Garvey's left hand was pinned in the collision between the boat and the seawall, amputating part of her thumb and causing the amputated portion to become "embedded into the concrete wall." (Id. ¶ 5.) The thumb was retrieved from the marina and brought to the hospital but could not be reattached to Garvey's hand. (Id. ¶ 6.)

**B.     Procedural History**

On May 18, 2007, Garvey sued Abadi for the personal injury described above in New York State Supreme Court, New York County. On July 6, 2007, Abadi removed the case to the Southern District of New York, and the case was assigned to another judge of this Court. Garvey moved to remand the case. In a letter dated October 17, 2007, Abadi indicated that he would not oppose the motion to remand. The case was ordered remanded on October 18, 2007.

On October, 26, 2007, Abadi filed a verified complaint commencing this action for exoneration from or limitation of liability. Abadi also put up $95,000, the value of the M/V Playpen, as an Ad Interim security for the benefit of any and all claimants.

On October 30, 2007, a judge of this Court sitting in Part I signed an order staying all suits arising from the accident until the determination of this action. The order also approved the amount of security and directed the Clerk of the

Court to issue notice that any party who wished to file a claim or contest the petition for exoneration from or limitation of liability must do so by December 17, 2007.

On November 29, 2007, Garvey filed an answer to the verified complaint in which she asserted that Abadi was negligent in operating the boat and not entitled to exoneration from or limitation of liability. (Answer ¶¶ 1-2.) She also raised the affirmative defenses, among others, that the Court lacks subject matter jurisdiction because Garvey's state action previously had been remanded without opposition, and that the verified complaint fails to state a claim. (Id. at ¶ 28.) She prays for a judgment dismissing the complaint or, in the alternative, an award of $15 million for her injuries in addition to punitive damages.

On April 14, 2008, Garvey filed the instant motion to dismiss the verified complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim pursuant to Rule 12(b)(6). In the alternative, Garvey seeks judgment that Abadi is not entitled to exoneration from or limitation of liability as a matter of law, pursuant to Rule 56.

## DISCUSSION

Under the Limitation of Liability Act ("the Act"), a vessel owner's liability for injuries resulting from collisions

or other accidents is limited to the value of the vessel plus any freight onboard if the owner is without "privity or knowledge" regarding the accident. 46 U.S.C. § 30505; Matter of Guglielmo, 897 F.2d 58, 59 (2d Cir. 1990). The Act authorizes a vessel owner to bring a civil action for limitation of liability in federal court. 46 U.S.C. § 30511. Upon proper commencement of the action, the Act provides that "all claims and proceedings against the owner related to the matter in question shall cease." Id.

The reach of the Act is co-extensive with federal admiralty jurisdiction, except insofar as Congress has created specific exceptions. Matter of Guglielmo, 897 F.2d at 61. Like admiralty jurisdiction, the Act can extend to injuries on pleasure boats. Id. at 59-61 (holding that pleasure boats are subject to the Act's limitation on liability); Foremost Ins. Co. v. Richardson, 457 U.S. 668 (1982) (holding that collision between pleasure boats on navigable waters is within admiralty jurisdiction). A two-part test applies to determine whether a tort action falls within federal admiralty jurisdiction. "First, the alleged tort must have occurred on or over 'navigable waters.' Second, the activity giving rise to the incident must have had a substantial relationship to traditional maritime activity such that the incident had a potentially disruptive influence on maritime commerce." LeBlanc v.

Cleveland, 198 F.3d 353, 356 (2d Cir. 1999) (citing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 531-32 (1995)).

In this case, it is apparent from the verified complaint and Garvey's affidavit that the accident occurred on navigable waters as the boat was returning from the Atlantic Ocean and entering the Miami Beach Marina. Garvey does not dispute that the docking of a pleasure boat at a marina bears a substantial relationship to traditional maritime activity, Sisson v. Ruby, 497 U.S. 358, 365-67 (1990) (so holding), or that, in general, a boat's collision with a marina's seawall has a potentially disruptive influence on maritime commerce. See id. (holding that a fire on a pleasure boat while docked at a marina had potentially disruptive influence). The accident therefore is within the Court's admiralty jurisdiction.

Because this case invokes admiralty jurisdiction, Garvey's argument that the Act does not provide an independent basis of jurisdiction is beside the point. The cases she cites stand only for the proposition that, where the accident occurs on non-navigable waters, admiralty jurisdiction does not exist and the Act does not provide a separate basis of jurisdiction. See Respondent's "Affirmation in Support" at 5-6 (citing Seven Resorts, Inc. v. Cantlen, 57 F.3d 771 (9th Cir. 1995); David Wright Charter Serv. of N. Carolina, 925 F.2d 783 (4th Cir.

1991); Three Buoys Houseboat Vacation U.S.A. Ltd. v. Morts, 921 F.2d 775 (8th Cir. 1990); Guillory v. Outboard Motor Corp., 956 F.2d 114 (5th Cir. 1992)).

Garvey argues that the remand of the state court action somehow deprives this Court of jurisdiction over the instant action, or bars Abadi from availing himself of that jurisdiction. Garvey' argument is premised on her mistaken belief that "the exoneration from and limitation of petitioner's liability [] is not itself a legal action. It is a defense to a legal action." Respondent's "Affirmation in Support" at 7 (emphasis in original). To the contrary, the Act expressly grants a vessel owner the right to bring a civil action in federal court, and contemplates that there will be pending other "claims and proceedings related to the matter in question." 46 U.S.C. § 30511. It may be true, as Garvey asserts, that her election to bring a common law claim in state court prevented that action's removal on the basis of admiralty jurisdiction. See Respondent's Reply Mem. at 4-5 (citing J. Aron & Co. v. Chown, 894 F. Supp. 697 (S.D.N.Y. 1995)). But this does not affect jurisdiction over the instant action, nor does it preclude Abadi from exercising his rights under the Act. Therefore, the motion to dismiss is denied.

Finally, Garvey has failed to submit a statement of material uncontested facts in support of her summary judgment

motion, in violation of Local Rule 56.1. Correspondingly, Abadi has not filed a statement of contested facts or submitted any evidence in opposition to the motion. This deficiency in the record prevents the Court from ruling on the motion. Therefore, the motion for summary judgment is denied without prejudice.

## CONCLUSION

For the reasons stated above, the motions are DENIED. The parties are directed to appear in Courtroom 20-C on August 14, 2008 at 10:30 a.m. for a scheduling conference.

SO ORDERED.

Dated:     New York, New York
           August 1, 2008

                                    */s/ John F. Keenan*
                                    JOHN F. KEENAN
                                    United States District Judge